IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

O. WESLEY BOX,

    Plaintiff,

vs.                                                                        CIVIL NO. 95-213 LFG/WWD

HOWARD D. PURVIS,

    Defendant.

## MEMORANDUM OPINION AND ORDER
## DENYING MOTION TO AMEND COMPLAINT

THIS MATTER is before the Court on Plaintiff's Motion to Amend his complaint [Doc. #128]. The Court reviewed the motion, memorandum in support, response and reply, and determines that oral argument is not necessary. This matter may be resolved based on the parties' submissions.

Plaintiff O. Wesley Box ("Box") argues that Fed. R. Civ. P. 15(a) provides that: (a) a party may amend the party's pleadings only by leave of court . . . ; and leave shall be freely given whenever justice so requires." Moreover, Box cites to Foman v. Davis, 371 U. S. 178, 83 S. Ct. 2127 (1962), for the proposition when leave to amend is sought, it should be freely given unless the court determines there is undue delay, bad faith, dilatory motive on the part of a movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, or futility of an amendment. Thus, leave to amend is not absolute. The request may be denied if the Court finds any of the reasons cited in Foman v. Davis The Court must perform a careful balance and allow an amendment unless there are reasons why the amendment should not be permitted. Such is the case here.

Box filed this case in 1995, and pursuant to the district's Civil Justice Expense and Delay Reduction Plan, in force at the time the complaint was filed, this case should have been assigned to a standard case management track with a one-year target dispositional date. Case management deadlines were imposed to bring this case to completion within the contemplated target. At the parties' requests, more often Box's rather than Defendant, Howard Purvis' ("Purvis") case management deadlines have been repeatedly extended. A review of the court docket sheet discloses Box's motion for extension of time [Doc. 16], filed June 12, 1995. On July 11, 1995, Box filed a second motion for extension of time [Doc. 27]. Purvis filed a motion for extension of pretrial report on September 28, 1995, Purvis moved to extend the pretrial report deadline by sixty days [Doc. 36]. Again, Purvis sought discovery and pretrial deadline extension on December 1, 1995 [Doc. 40]. There was a joint motion by the parties for reconsideration of the Court's ruling denying extension of deadlines. This motion was filed on January 2, 1996 [Doc. 42]. Again, on April 10, 1996, Box moved to vacate conferences and to reset them for later dates [Doc. 56]. Similarly, on May 9, 1996, Box again sought an extension of time [Doc. 70]. Box filed a new motion on December 17, 1996 requesting an extension of discovery deadlines and seeking permission to file an out-of-time expert report [Doc. 94]. In addition to these numerous requests for extensions of times, various settlement conferences set in this case were vacated at the parties' request.

Other delays in the processing of this case are attributed to matters relating to Box or Box's witnesses. For example, Box initially designated Edward J. Cunion, CPA, as Box's expert. Box's own December 17, 1996 memorandum brief, filed in support of a request to extend various deadlines, outlines the numerous extensions relating simply to experts.

> The deadlines for expert witness disclosures and discovery have been modified several times. The July 6, 1995 scheduling order required Box to served Purvis with a copy of his expert witness's report on September 1, 1995, and Purvis to serve Box with a copy of his expert witness's report on October 2, 1995. The July 17, 1995 Initial Pretrial Report required Box to identify his expert witness by August 28, 1995, and Purvis to identify his expert witness by September 28, 1995. An order entered on October 20, 1995 extended the deadlines for Box and Purvis to identify their experts to October 31 and November 30, 1995, respectively. An order entered on January 10, 1996 extended the deadlines for Box and Purvis to identify their experts to December 31, 1995 and January 31, 1996, respectively.

Based on allegations that Box needed more time and claims that Purvis failed to comply with expert disclosure requirements, the Court granted Box's request to extend discovery deadlines [Doc. 98]. In October 1998, Box sought an order replacing Bruce Mallot for Edward Cunion as Box's expert witness. Purvis opposed the motion, and Box argued that it should be granted because:

> Permitting Box to substitute Mr. Mallot would not disrupt the trial. The simple fact is that this case is not yet set for trial and, again, the parties have requested a setting five or six months from now. The parties can easily complete any remaining expert discovery by the end of November.

(Box's brief in support of motion to permit substitution of expert witness, Doc. 119, p. 6). Box argued that Purvis would not be prejudiced by the substitution because the Court had not yet scheduled the case for trial and that the parties were requesting that the case be set for trial no earlier than February 1999, and, thus, Purvis "will have more than enough time in advance of trial to examine Mr. Mallot's report, supplement Mr. Walker's report, and prepare to cross-examine Mr. Mallot."

Such is no longer the case. Discovery has long ago closed on this case. There remain only seventy-five days to the commencement of the jury trial, and the Court has cleared its docket and arranged its schedule to try this case on the date scheduled.

Allowing Box to amend his complaint now would certainly prejudice Purvis. New claims and causes of action are advanced; new theories are proposed; and new claims for damages are sought to be incorporated in this lawsuit. The amendment, if granted, would necessitate opening discovery so as to allow the Purvis sufficient time to explore and discover information relevant to Box's new claims, theories and damages. Allowing the complaint could result in the Court once more having to vacate a trial in this case. The case is set for trial due to commence on March 1, 1999.

In combination, the many prior requests for delay or extension have significantly delayed the final disposition of this litigation. Under the district's Civil Justice Expense and Delay Reduction Plan, this case should have been resolved within one year of the filing of the answer. Now, we are some three and one-half years into the litigation without a resolution.

In 1990, Congress enacted the Civil Justice Reform Act ("CJRA"), Pub. L. 101-650, 28 U.S.C. § 471 *et seq.* The CJRA was intended to expedite the disposition of cases and to lessen the financial burdens caused by delay. The CJRA's legislative history states in relevant part:

> The purpose of this legislation is to promote for all citizens--rich or poor, individuals or corporations, plaintiff or defendant--the just, speedy and inexpensive resolution of civil disputes in our nation's federal courts.

Pub. L. 101-650, 1990 U.S. Code Congressional and Administrative News, p. 6804. Judicial case management was included in this legislation as an important step in eliminating delay. Hoffmann-LaRoche, Inc. v. Sperling, 493 U.S. 165, 110 S. Ct. 482 (1989).

Studies on court delay conducted by the Federal Judicial Center show that courts with the least amounts of delay characteristically keep stricter control of their cases by precise scheduling of cut-off dates and other deadlines. The Federal Judicial Center's study concluded "A court can handle

4

its case load rapidly only if it takes the initiative to require lawyers to complete their work in a timely fashion." Federal Judicial Center, Flanders, <u>Case Management and Court Management in the United States Courts</u>, Federal Judicial Center (1977).

A review of the history of this litigation shows that the Court has been extremely generous and liberal in allowing the parties to proceed at their own pace with this litigation. The result has been that the goals of the CJRA have been thwarted, that this case remains pending and has become an extremely expensive case for all litigants.

The Court concludes that Box's request comes far too late, would cause undue delay, and, if allowed at this juncture, would unfairly prejudice Purvis. Accordingly, Box's request to amend the complaint is denied.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge

ATTORNEY FOR PLAINTIFF:
David A. Thomsen, Esq.

ATTORNEY FOR DEFENDANT:
Virginia Anderman, Esq.